```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

**VERNON M. CHESTANG,**            :

    Petitioner,                :

v.                                 :    CIVIL ACTION NO. 05-00587-KD-B

**JERRY FERRELL,**                 :

    Respondent.               :


## REPORT AND RECOMMENDATION

Vernon M. Chestang, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Petitioner challenges the validity of his 2002 conviction by a jury in the Circuit Court of Mobile County, Alabama, for reckless manslaughter pursuant to Alabama Code § 13A-6-3(a)(1), for which he received a sentence of twenty years in the state penitentiary.  (Doc. 1 at 1; Doc. 12 at 1; Doc. 13, Ex. 4 at 1).

This matter is now before the undersigned Magistrate Judge on Petitioner's petition, Respondent's answer, briefs, responses, and exhibits filed by the parties, the state court records, and opinions and orders of the state appellate courts.  Following a careful review of the petition and record, the undersigned finds

that an evidentiary hearing is not warranted on the issues.[1]  See 28 U.S.C. § 2254(e)(2).

## FINDINGS OF FACT

The Alabama Court of Criminal Appeals found the facts of this case to be as follows:[2]

---

[1] Because Petitioner filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required."  Kelley v. Secretary for Dep't of Corrs., 377 F.3d 1317, 1337 (11th Cir. 2004).  The legal standard for determining when an evidentiary hearing in a habeas corpus case is allowed is articulated in 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> **(A)** the claim relies on–
>
> **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has failed to establish that an evidentiary hearing is warranted in this case.

[2] AEDPA directs that a presumption of correctness be afforded factual findings of state courts, "which may be rebutted only by clear and convincing evidence."  Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)).  "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts."  Id. (citing Sumner v. Mata, 449 U.S.

The evidence adduced at trial showed that Donald Eckoff, Sr., died as a result of a gunshot wound to the heart, which he sustained during a heated exchange with Chestang, his neighbor of two years. Evidence was presented that the relationship between the two was turbulent, consisting primarily of insulting gestures and verbal altercations. Testimony was presented from former next-door neighbors of Eckoff who corroborated the volatile nature of his personality during the time that they lived near Eckoff.

On the day of the shooting, as Chestang left his driveway and passed Eckoff's house, the two engaged in a heated exchange. When Chestang returned home, Eckoff was outside, securing his truck and putting away a garden hose. The two again began a heated exchange. There were no eyewitnesses to this second argument, but Chestang conceded that it was during this argument that he shot Eckoff, who later died from the gunshot wound.

After he shot Eckoff, Chestang telephoned 911 for emergency assistance. A .22 caliber revolver was found on the couch in the living room of his home. Chestang told law enforcement officials that Eckoff had charged him while reaching into his pocket for what Chestang believed to be a weapon. Chestang stated that he shot Eckoff in self-defense. Further investigation determined that Eckoff was not armed, but his pockets were full of pretzels.

Officer Armond Campbell of the Mobile Police Department responded to the incident. He testified that he was dispatched in response to a complaint by a person who stated that he had shot his neighbor. According to Officer Campbell, when he arrived at the scene, he saw the victim lying in the yard, and was told by a neighbor that the perpetrator was inside his home. He stated

---

539, 547 (1981)).

>       that Chestang gave a statement in which he
>       admitted that he had "shot his neighbor and
>       that his neighbor was always messing with
>       him." Officer Campbell further testified that
>       Chestang stated that Eckoff had "charged" him
>       while reaching into his pocket, and Chestang
>       believed that Eckoff was going to pull a gun.
>       Chestang also stated to Office Campbell that
>       he had called the police as a result of
>       Eckoff's behavior on at least four occasions
>       and that Eckoff had previously threatened him
>       with a weapon. According to Officer Campbell,
>       Chestang indicated that he had not intended to
>       kill Eckoff, and that he "hoped the guy was
>       alright."

(Doc. 13, Ex. 4 at 3-4).

Petitioner was indicted by the Mobile County Grand Jury on January 21, 2000, and charged with intentional murder, a violation of Alabama Code § 13A-6-2-(a)(1). (Doc. 13, Ex. 4 at 1; Doc. 13, Ex. 8 at 3). Petitioner entered a plea of not guilty to the charge, and his jury trial commenced on October 30, 2002.[3] (Doc. 13, Ex. 8 at 4). Petitioner was represented at trial by attorneys Dennis Knizley and Daniel Mims. (Id.). On October 31, 2002, the jury returned a verdict of guilty of the lesser included offense of reckless manslaughter pursuant to Alabama Code § 13A-6-3(a)(1) and, on December 13, 2002, Petitioner was sentenced to twenty years in the state penitentiary. (Doc. 13, Ex. 4; Doc. 13, Ex. 8 at 4-5).

Petitioner filed a written notice of appeal to the Alabama

---

[3] This was Petitioner's second trial. The Alabama Court of Criminal Appeals reversed Petitioner's August, 2000 conviction for reckless manslaughter after the trial court failed to adequately charge the jury on self-defense and justification. (Doc. 13, Ex. 4 at 1 n.1).

4

Court of Criminal Appeals on December 13, 2002, and was represented on appeal by attorney Daniel Mims. (Doc. 13, Ex. 8 at 5). On August 22, 2003, the Alabama Court of Criminal Appeals affirmed Petitioner's conviction by memorandum opinion. (Doc. 13, Ex. 4). The Alabama Supreme Court denied Petitioner's petition for a writ of certiorari on November 11, 2003. (Doc. 12 at 2).

On November 12, 2004, Petitioner filed a petition for post-conviction relief pursuant to Rule 32 of the <u>Alabama Rules of Criminal Procedure</u>. (Doc. 1 at 2). Petitioner was represented in his Rule 32 proceedings by attorney Chris Galanos. (Doc. 13, Ex. 8 at 12). On February 22, 2005, the trial court denied Petitioner's Rule 32 petition, and Petitioner filed an appeal to the Alabama Court of Criminal Appeals on March 18, 2005. (<u>Id.</u> at 13). On July 8, 2005, the Alabama Court of Criminal Appeals affirmed, by memorandum opinion, the judgment of the trial court denying Petitioner's Rule 32 petition for post-conviction relief. (Doc. 13, Ex. 11). Petitioner did not file a petition for a writ of certiorari with the Alabama Supreme Court, and a Certificate of Judgment was issued on July 27, 2005. (Doc. 12 at 3; Doc. 13, Ex. 12).

On October 12, 2005, Petitioner filed the instant petition for a writ of habeas corpus, setting forth two claims in support of his request for habeas relief: (1) Petitioner's Fifth and Sixth Amendment rights were violated when the trial court admitted un-

Mirandized statements into evidence; and (2) Petitioner's Sixth Amendment rights were violated by ineffective assistance of trial counsel in failing to object to the introduction of incriminating statements made by Petitioner during custodial interrogation. (Doc. 1 at 3).  For the reasons set forth below, the Court finds that Petitioner is not entitled to habeas relief on the basis of either of these claims.

## DISCUSSION

Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State." "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of those claims.  Id., 526 U.S. at 848.

In addressing the proper manner in which a federal claim must be presented to the state court to prevent procedural default, the United States Supreme Court has stated:

> In Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" (some internal quotation marks

>omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995). The exhaustion doctrine also requires that a petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. See Ala. R. App. P. 4, 39, 40.

Where the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief unless either the cause and prejudice exception or the fundamental miscarriage of justice exception is established. Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) (citing O'Sullivan, 526 U.S. at 848-49 and Coleman v. Thompson, 501 U.S. 722, 750 (1991)). See also Gates v. Zant, 863 F.2d 1492, 1500 (11th Cir. 1989) ("[a] defendant who is procedurally barred from raising a federal constitutional claim in state court is also barred

from raising the claim in a federal habeas petition unless he can show cause for and actual prejudice from making the default."); Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) ("[i]f a state prisoner fails to raise a claim in state court, or attempts to raise a claim in an improper manner, and state procedural rules preclude the state courts from hearing the merits of the claim, then the federal habeas court is also precluded from hearing its merits, absent a showing of cause and prejudice.").

"Cause" for a procedural default exists if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," or that the procedural default was the result of ineffective assistance of counsel.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  To establish "prejudice," the petitioner additionally must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).  In the absence of a showing of cause and prejudice, the Court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent."  Smith v. Murray, 477 U.S. 527, 537–38 (1986).

The threshold question here is whether Petitioner fully and

8

fairly presented his habeas claims to the Alabama courts by invoking one complete round of the State's established appellate review process.  First, with respect to habeas claim 1, Petitioner claims that his Fifth and Sixth Amendment rights were violated when the trial court admitted into evidence incriminating, un-Mirandized statements he made while secured in the back of a police car.  (Doc. 1 at 1; Doc. 16 at 4-5).  The record shows, however, that Petitioner failed to present this claim to the state courts on direct appeal or in his Rule 32 proceedings.  (Doc. 13, Ex. 2; Doc. 13, Ex. 4; Doc. 13, Ex. 11).  Thus, habeas claim 1 is unexhausted, and any attempt by Petitioner to raise it now in the state court would be futile.  See Ala. R. Crim. Proc. 32.2(b) (barring a second or successive petition on any ground that was known at the time that the first petition was heard).  Therefore, habeas claim 1 is procedurally defaulted.

With respect to habeas claim 2, the record shows that Petitioner attempted to present this claim in his Rule 32 proceedings.  However, Petitioner's Rule 32 petition was untimely,[4]

---

[4] Petitioner concedes in these proceedings that his Rule 32 petition in the state court was untimely.  (Doc. 16 at 4).  He appears to argue however that the State failed to raise this issue with the state court; thus, the State should be foreclosed from arguing procedural default before this Court.  To the extent Petitioner is arguing that the untimeliness of his Rule 32 petition should have been excused because it was raised sua sponte by the Court of Criminal Appeals, as opposed to the State, Petitioner is foreclosed from raising that argument because it was not presented to any of the state courts.  Petitioner is required to give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.

and the Alabama Court of Criminal Appeals denied relief on this basis, stating:

> In his petition, [petitioner] contended that his counsel rendered ineffective assistance at trial and on direct appeal. (Issues I, II, and IV in the appellant's brief.) However this claim is time barred. See Rule 32.2(c), Ala. R. Crim. P. Because the appellant's claim was precluded, the circuit court properly dismissed his petition without conducting an evidentiary hearing. See Rule 32.7(d), Ala. R. Crim. P. Accordingly, we affirm the circuit court's judgment.

Doc. 13, Ex. 11 at 1-2 (footnote omitted).

The law is clear that, if a state prisoner raises his claims in state court, but fails to raise them in an appropriate state procedural manner and is denied relief on the basis of an independent and adequate state procedural rule, he is barred from federal habeas relief unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. Coleman, 501 U.S. 722, 750 (1991) ("[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."). See also Gates, 863 F.2d at 1500; Medina, 59 F.3d at 1107.

In determining whether a state court has denied a prisoner's claim based on an independent and adequate state procedural rule, the Eleventh Circuit has established a three-part test. "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). "Secondly, the state court's decision must rest solidly on state law grounds, and may not be 'intertwined with an interpretation of federal law.'" Id. "Finally, the state procedural rule must be adequate; *i.e.*, it must not be applied in an arbitrary or unprecedented fashion;" it must not "be 'manifestly unfair' in its treatment of the petitioner's federal constitutional claim," id.; and it must be firmly established and regularly followed. Cochran v. Herring, 43 F.3d 1404, 1408 (11th Cir. 1995) (citing Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

Based on the Court's review of this state court rule and Petitioner's Rule 32 proceedings with respect to this claim, the Court is satisfied that the state procedural law was firmly established and regularly followed, and the procedural bar was fairly and non-arbitrarily applied. Therefore, Petitioner's habeas claim 2 is defaulted in state court pursuant to an independent and adequate state procedural ground.

Because Petitioner's habeas claims are likewise procedurally

11

defaulted in this Court, the Court turns to the question of whether Petitioner has demonstrated cause for the defaults and actual prejudice as a result of the alleged violations of federal law or that failure to consider the claims will result in a fundamental miscarriage of justice.  Petitioner argues that his Rule 32 counsel was ineffective in failing to timely file his Rule 32 petition and properly raise habeas claims 1 and 2 in the state court.  (Doc. 16 at 4).  Petitioner asserts that this ineffective assistance of his Rule 32 counsel is sufficient "cause" for his procedural default of habeas claims 1 and 2.  However, "[w]hile constitutionally ineffective assistance of counsel has been considered cause to excuse a procedural default that occurs at a stage in the proceedings in which the defendant enjoys a Sixth Amendment right to the effective assistance of counsel, there is no constitutional right to an attorney in state post-conviction proceedings." Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (citing Coleman, 501 U.S. 722, 752 (1991)).  "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."  Id.  "Congress codified this rule by enacting § 2254(i), which provides that '[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.'"  Id.  Therefore, any ineffectiveness of Petitioner's Rule 32 counsel cannot be considered

cause for the purposes of excusing the procedural default that occurred at the state collateral post-conviction level.  <u>Id.</u>

Accordingly, Petitioner has failed to establish cause for his procedural default of habeas claims 1 and 2, as that term is defined by law, and has failed to establish that a denial of review constitutes a fundamental miscarriage of justice.  Therefore, review of Petitioner's habeas claims 1 and 2 is barred in this Court, and those claims are due to be dismissed.

<u>CONCLUSION</u>

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Petitioner's rights were not violated and that his request for habeas corpus relief should be denied.  It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **27th** day of **December, 2007.**

                                  <u>/s/ SONJA F. BIVINS</u>
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION**